UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 11-3483 DSF (MRWx) | Date | 5/5/11 |
|---|---|---|---|
| Title | Ramon Gutierrez Gonzalez v. Home Depot U.S.A., Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Defendant claims that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Notice of Removal ¶ 3.) Federal courts have subject matter jurisdiction over all civil actions in which: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a).

Defendant has failed to establish complete diversity. The citizenship of a corporation is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Individuals are citizens of the states in which they are domiciled. 28 U.S.C. § 1332(a). Defendant has not provided the Court with any information regarding its state of incorporation, where its principal place of business is, or where Plaintiff is domiciled. The Complaint also does not contain this information. Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

Defendant failed to establish complete diversity, the Court REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.